(90 South. 316)

**HINES, Director General of Railroads, v. THOMASVILLE LIGHT & POWER CO. (1 Div. 208.)**

(Supreme Court of Alabama. Oct. 13, 1921.)

**1. Carriers ☞196—Whether a car was delivered at place accessible for unloading pursuant to statute held for the jury.**

In an action for demurrage for a car remaining unloaded in excess of the free time allowed by Code 1907, § 5614, whether the car was delivered at a place reasonably accessible for unloading, pursuant to section 5605, *held* for the jury.

**2. Trial ☞112—Refusal to permit attorney of railroad company to argue purpose of demurrage charges before jury held not erroneous.**

In a suit by a railroad company for demurrage charges, refusal of the trial court to permit plaintiff's attorney to argue the purpose of demurrage charges, while unduly fastidious, was not erroneous.

Appeal from Circuit Court, Clarke County; Ben D. Turner, Judge.

Action by Walker D. Hines, as Director General of Railroads, against the Thomasville Light & Power Company to recover demurrage on a car of coal. Judgment for the defendant, and the plaintiff appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Smiths, Young, Leigh & Johnston, of Mobile, for appellant.

The plaintiff was entitled to the affirmative charge, as it delivered the coal to an accessible point for unloading. Section 3605, Code 1907; 200 Ala. 366, 76 South. 282. Counsel discuss other assignments of error, but without further citation of authority.

A. S. Johnson, of Thomasville, and T. S. Bedsole, of Grove Hill, for appellee.

Counsel insist on their motion to strike bill of exceptions; but, in view of the opinion, it is not deemed necessary to here set them out.

SAYRE, J. [1] Plaintiff, appellant, sued defendant to recover demurrage on a carload of coal. It is admitted that the car remained unloaded for a number of days in excess of the free time allowed under the statute (Code 1907, § 5614). The controversy between the parties turns upon the question whether plaintiff placed the car at an accessible place for unloading (Code, § 5605), meaning a place reasonably accessible to the defendant consignee (Boshell v. Receivers, 200 Ala. 366, 76 South. 282). For a long time plaintiff—or the railroad company of which he had charge for the government of the United States—had been accustomed to

---

deliver, and defendant to receive, shipments of coal in carload lots at defendant's bin on a spur track. The bin consisted of a floor laid upon the ground, with retaining walls, some six or seven feet high, on every side. The car in question was stopped short of the bin, and evidence for the defendant went to show that such a delivery caused defendant considerable difficulty and inconvenience in handling the coal. Unquestionably, for aught so far appearing, the jury were authorized to find that the car in question had not been delivered at a place reasonably accessible to defendant. But plaintiff contended, and introduced evidence tending to sustain his contention, that the car was not delivered at the bin, as such shipments customarily had been, for the reason that defendant, or some of its agents in charge, had caused the track to be so incumbered by loose coal that the car could not be pushed as far as the bin, that is, so far as to afford the usual and reasonable convenience in unloading. We must presume that the jury found for defendant on the issue thus made, and due consideration of the evidence in the cause constrains us to hold that this issue was properly submitted to the jury and that no sufficient ground appears for disturbing their verdict.

[2] The foregoing will suffice to explain our view of all questions raised by the appeal save one. The bill of exceptions shows that "the attorney for plaintiff, while arguing to the jury, attempted to argue the purpose of the law permitting demurrage, and stated to the court that his intention was to argue, in this connection, the motive and intention on behalf of the railroad in trying to get the cars released as promptly as possible; counsel for defendant objected to the argument; the court sustained the objection of defendant to counsel stating the purpose of the law to the jury," and plaintiff excepted. The ruling was perhaps unduly fastidious, but in the terms in which it is stated we are unable to see that it affords any just grounds for a reversal.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.